David A. Foraker, OSB #812280
Sanford R. Landress, OSB #814382
Stephen T. Boyke, OSB #881628
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile:   (503) 224-8434
E-mail: david.foraker@greenemarkley.com
E-mail: sanford.landress@greenemarkley.com
E-mail: stephen.boyke@greenemarkley.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| In re | ) |
| --- | --- |
|  | ) Case No. 08-32798-tmb11 |
| Matrix Development Corporation, | ) |
| an Oregon corporation, aka Legend Homes, | ) Chapter 11 |
|  | ) |
| Debtor. | ) DEBTOR'S MOTION FOR |
|  | ) AUTHORIZATION TO (1) PAY |
|  | ) PREPETITION PRIORITY CLAIMS |
|  | ) FOR WAGES AND SALARIES AND |
|  | ) RELATED PAYROLL TAXES, (2) |
|  | ) PAY PREPETITION PRIORITY |
|  | ) EMPLOYEE BENEFIT PLAN |
|  | ) CONTRIBUTIONS, AND (3) |
|  | ) CONTINUE EMPLOYEE BENEFITS |
|  | ) POSTPETITION |
|  | ) |
|  | ) EXPEDITED HEARING |
|  | ) REQUESTED |
|  | ) |
|  | ) |
|  | ) |

Matrix Development Corporation ("Matrix" or the "Debtor"), as debtor in

possession, hereby moves this Court for entry of an order authorizing it to pay prepetition

priority claims for wages and salaries and related payroll taxes, pay prepetition priority

Page 1 of 6 -    DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE BENEFITS POSTPETITION

\6522\p Matrix p Motion re Wages etc.wpd

**GREENE & MARKLEY, P.C.**
**Attorneys at Law**
**1515 S.W. Fifth Avenue, Suite 600**
**Portland, Oregon 97201**
**Telephone (503) 295-2668**

employee benefit plan contributions, and continue employee benefits post petition. In support of this motion, the Debtor represents:

<div align="center">Background</div>

1. On June 10, 2008 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. The Debtor is continuing in the management and possession of its business and properties as debtor in possession under sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no committee has been formed pursuant to section 1102 of the Bankruptcy Code.

3. Matrix is an Oregon corporation headquartered in Portland, Oregon that is engaged in the business of developing and selling real estate for residential purposes. Matrix, directly or through its affiliates, acquires real estate, obtains permits and governmental approvals necessary for its properties to be platted as legal subdivisions or condominium projects, builds the infrastructure consisting of utilities, rights-of-way, sidewalks, street lighting and other improvements, constructs residential dwellings on its properties, and markets and sells residential dwelling units. Effective as of June 9, 2008, its wholly-owned residential construction subsidiary, Legend Homes Corporation, an Oregon corporation, was merged with and into Matrix. As of the Petition Date, the Debtor, directly and through its affiliates, owned approximately 362.75 acres of raw land in four states (i.e., Oregon, California, Colorado and Washington) that is in various stages of entitlement. In addition, the corporate group owned 770 vacant lots, 97 completed residential units, and 30 homes under construction. The Debtor's internally-prepared financial statements reflect that at December 31, 2007, the corporate group had approximately $258 million in total assets and $198 million in total liabilities on a consolidated basis. In 2007, Matrix and its affiliates generated approximately $118

Page 2 of 6 -   DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE BENEFITS POSTPETITION

\6522\p Matrix p Motion re Wages etc.wpd
**GREENE & MARKLEY, P.C.**
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

million in vertical sales revenue. It currently employs approximately 39 people.

4.   In the ordinary course of its business, the Debtor pays its employees once a month, in arrears, on the last day of each month. The next regular payroll date is June 30, 2008, for services performed but unpaid through that date. The last regularly scheduled payroll date was May 30, 2008. On June 6, 2008, in anticipation of the commencement of this case, the Debtor made a special payroll for the estimated amounts of salaries and wages that had accrued during the period June 1, 2008, through June 10, 2008. In connection with that special payroll, the Debtor also paid all withholding and payroll taxes related to the salaries and wages that were paid. As a result of that special payroll, the only amounts that remain owing and unpaid to employees for prepetition services -- absent error in the estimation procedure and assuming that all payroll checks and electronic funds transfers have cleared or been completed -- are those for accrued vacation, sick leave and other "paid time off." Attached as Exhibit A is a schedule that lists, for each employee, the employee's name, the total amount of earned but unused paid time off benefits, and the amount that the Debtor has determined is entitled to priority under section 507(a)(4) of the Bankruptcy Code.

5.   The Debtor has a number of employee benefit plans and programs under which it is obligated to pay certain contributions for benefits. These employee benefit plans and programs include a medical plan, a dental plan, a "cafeteria" plan, and a 401(k) plan. The Debtor estimates that the total amount of accrued but unpaid prepetition contributions or payments owing on account of its employee benefit plans does not exceed $10,000. Certain benefits remained unpaid as of the Petition Date because, although Debtor's obligations under the applicable benefit plans accrued either in whole or in part prior to the Petition Date, the Debtor's obligation to pay for the benefits do not become payable in the ordinary course of business until a later date.

Page 3 of 6 -   DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE BENEFITS POSTPETITION

\6522\p Matrix p Motion re Wages etc.wpd

**GREENE & MARKLEY, P.C.**
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

## Jurisdiction

6. This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334 and LR 2100.1. Consideration of this motion constitutes a core proceeding within the meaning of 28 USC § 157(b)(2)(A). The statutory predicates for the relief sought by this motion are sections 105, 363 and 1108 of the Bankruptcy Code. Venue is proper under 28 USC § 1408.

## Relief Requested

7. By this motion, the Debtor seeks entry of an order authorizing it to (a) pay, in the ordinary course of business, all prepetition claims for wages and salaries, including earned but unused paid time off benefits, in each case, to the extent such claims are entitled to priority under section 507(a)(4) of the Bankruptcy Code and in an amount not to exceed $10,950 per employee; (b) pay any and all local, state and federal withholding and payroll taxes relating to such employee claims (including but not limited to withholding taxes, social security taxes, Medicare taxes and unemployment taxes); (c) make payments to third parties on behalf of employees for alimony, garnishments, support payments, dependent care and other programs on account of which the Debtor deducts sums of money from employees' paychecks; (d) make payments for accrued but unpaid prepetition contributions to employee benefit plans, in each case, in an amount not to exceed, in the aggregate, the amount entitled to priority under section 507(a)(5) of the Bankruptcy Code; and (e) continue existing employee benefits postpetition. The Debtor further requests (i) that the court hold an expedited hearing on this motion, (ii) that the Court find that the relief sought by this motion is necessary to avoid immediate and irreparable harm to the estate and that an order on this motion should be entered as soon as is reasonably practical, notwithstanding the 20-day period otherwise provided in Bankruptcy Rule 6003(b), and (iii) that the order on this motion become effective

Page 4 of 6 -    DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE BENEFITS POSTPETITION

\6522\p Matrix p Motion re Wages etc.wpd

**GREENE & MARKLEY, P.C.**
**Attorneys at Law**
**1515 S.W. Fifth Avenue, Suite 600**
**Portland, Oregon 97201**
**Telephone (503) 295-2668**

immediately upon its entry, notwithstanding the 10-day stay otherwise provided in Bankruptcy Rule 6004(h). In addition, the Debtor requests an order directing all banks to receive, process, honor and pay all checks and electronic funds transfers for payment of the prepetition claims and benefits described above, whether such checks or funds transfer requests were or are issued or presented prior to or after the Petition Date.

## Points and Authorities

8. The Debtor, in the good faith exercise of management's business judgment, has determined that in order to protect the value of its business as a going concern, it must honor its prepetition obligations to its employees in the ordinary course of business. A failure to pay its accrued wages, salaries, benefits and other related obligations, or even a delay in such payment, may cause employees to suffer extreme personal hardship and, in many cases, make them unable to meet their personal living expenses. The inevitable consequence of an interruption in pay to employees would be employee defections, unmanageable staff turnover, resentment, loss of good will and disintegration of employee morale.

9. Granting the requested relief will enable the Debtor to maintain its current operations without interruption and, at the same time, maintain worker morale. The Debtor's employees are vital to its efforts to reorganize and they provide essential services without which it would be unable to function. Without the requested relief, the Debtor's ability to reorganize could be significantly impaired. For these reasons, it is in the best interest of the estate that the relief requested in this motion be granted..

10. Time is of the essence with respect to the Debtor's need for the relief requested in this motion. For the reasons indicated above, the requested relief is necessary to avoid immediate and irreparable harm to the estate. Accordingly, the Court should grant the requested relief on an expedited basis pursuant to an order that will

Page 5 of 6 - DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE BENEFITS POSTPETITION

\6522\p Matrix p Motion re Wages etc.wpd

GREENE & MARKLEY, P.C.
Attorneys at Law
1515 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97201
Telephone (503) 295-2668

1  become effective immediately upon its entry, notwithstanding the 20-day period

2  otherwise provided in Bankruptcy Rule 6003(b) or the 10-day stay under Bankruptcy

3  Rule 6004(h) that generally applies to orders authorizing the use of property.

4      11.    This Court has the statutory power under sections 105, 363 and 1108 of

5  the Bankruptcy Code to grant the relief requested by this motion.  Moreover, courts in

6  this district and elsewhere routinely approve motions seeking the kinds of relief sought

7  by the Debtor by this motion, at least in cases in which, as here, the debtor seeks to pay

8  only those claims that are entitled to priority status under section 507(a) of the

9  Bankruptcy Code.

## Notice

11     12.    Notice of this motion has been given to, among other parties, the United

12  States trustee and the creditors holding the 20 largest unsecured claims.  Further notice is

13  impractical in the circumstances.  The Debtor submits that the foregoing constitutes good

14  and sufficient notice and that no other or further notice need be given in the

15  circumstances.

16     WHEREFORE, the Debtor requests entry of an order granting the relief requested

17  herein and such other and further relief as is appropriate.

18  Dated:  June 10, 2008.

19                                   Greene & Markley, P.C.

20

21                                   By:   /s/ David A. Foraker
                                          David A. Foraker, OSB # 812280
22                                        Attorneys for Debtor

Page 6 of 6 -   DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS FOR WAGES
                AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION PRIORITY EMPLOYEE
                BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE BENEFITS POSTPETITION

\6522\p Matrix p Motion re Wages etc.wpd

**GREENE & MARKLEY, P.C.**
**Attorneys at Law**
**1515 S.W. Fifth Avenue, Suite 600**
**Portland, Oregon 97201**
**Telephone (503) 295-2668**

Exhibit A
SCHEDULE OF PREPETITION EMPLOYEE CLAIMS

| Last Name | First Name | Accrued Claim for Paid Time Off and Flex Time | Priority Amount |
|---|---|---|---|
| Alexander | Rex C. | 3,381.88 | 2,424.74 |
| Borgia | Cherie M. | 5,292.30 | 3,093.96 |
| Boyd | Krista | 4,703.12 | 2,562.09 |
| Brown | Craig | 20,104.88 | 4,520.62 |
| Chapman | Jim L. | 11,896.37 | 5,650.77 |
| Colgrove | Traci L. | - | - |
| Day | Thomas R. | 3,894.26 | 2,301.96 |
| Delozier | Nicole T. | 6,003.98 | 1,776.88 |
| Dockendorf | Boyd | 1,859.53 | 1,384.64 |
| Dull | Merle M. | 2,772.58 | 2,153.14 |
| Goodrich | James M. | 5,985.80 | 4,516.24 |
| Guthrie | Jodie | - | - |
| Helms | Carol L. | 1,348.09 | 1,348.09 |
| Henrichs | Sharon L. | 1,273.12 | 762.78 |
| Herb | Jacki T. | 3,782.83 | 2,564.17 |
| Hurley | Nicki A. | 1,787.12 | 1,217.28 |
| Jarvis | Diane F. | 7,293.22 | 4,162.54 |
| Keena | Dana L. | 4,885.88 | 1,838.25 |
| Kralicek | Michelle | 2,183.14 | 1,807.20 |
| Lucas | Steven R. | 6,293.19 | 2,367.73 |
| Malen | Vernon R. | 6,391.39 | 3,311.60 |
| Marks | Linda | 1,083.63 | 1,083.63 |
| Martinez | Magdiel | 1,124.26 | 1,124.26 |
| Mulvaney | Kevin P. | 551.26 | 551.26 |
| Myers | Jeremy L. | 59.12 | 59.12 |
| Newby | Deidre L. | 8,440.55 | 2,411.59 |
| Nixon | Harriet | 3,724.73 | 2,016.96 |
| Oringdulph | David | - | - |
| Oswald | Nancy K. | 4,175.04 | 2,215.42 |
| Ott | Kathleen A. | 922.59 | 922.59 |
| Pacino | Lou A. | 4,118.10 | 2,032.31 |
| Rubenstein | Laurie J. | 5,803.03 | 2,583.92 |
| Rutherford | James R. | 4,259.95 | 3,070.58 |
| Sullivan | Mark A. | 5,571.45 | 1,907.34 |
| Sullivan | Terry C. | 7,294.74 | 2,543.12 |
| Tylka | Darlene J. | 533.71 | 533.71 |
| Vangel | Elizabeth S. | 1,751.75 | 1,112.88 |
| Watkins | Jeffery A. | 4,101.37 | 2,587.62 |
| Wiebold | Kevin N | 3,739.38 | 2,681.07 |
| Yett | Charles E | 2,449.75 | 1,642.08 |
| **Totals** | | 160,837.06 | 80,844.15 |

Exhibit A
Page 1 of 1