

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

**TRISH M. BROWN**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

NANCY C. ANTAL
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

October 9, 2008

**VIA FAX**

David A. Foraker
Sanford R. Landress
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

Mary Jo Heston
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338

    Re:    Matrix Development Corporation, Case No. 08-32798-tmb11

Dear Mr. Foraker and Ms. Heston:

    This case was originally on for hearing on KeyBank N.A.'s (hereinafter the "Bank") motion to compel Debtor's compliance with eight orders entered by the court on June 24, 2008, Debtor's motion for limited relief from those orders, and Debtor's motions to use Bank's cash collateral. Following extensive settlement discussions, the parties resolved all of the issues save the extent, if any, to which Debtor's obligations to Bank are cross-collateralized.

    Oral argument was on September 10, 2008. The Bank was represented by Mary Jo Heston. Debtor, Matrix Development Corporation, was represented by Sanford Landress and David Foraker. Following the hearing, I reviewed my notes, the exhibits, and the pleadings and other submissions in the file. I also read applicable legal authorities, both as cited to me and as located through my own research. I have considered carefully the oral arguments presented and have read counsels' submissions in detail. The following findings of fact and legal conclusions constitute the court's findings under Federal Rule of Civil Procedure 52(a), applicable in this proceeding under Federal Rules of Bankruptcy Procedure 9014 and 7052. To the extent any

findings of fact constitute conclusions of law, they are adopted as such. To the extent that any conclusions of law constitute findings of fact, they are adopted as such.

FACTS

The parties filed a Stipulation re: Language in Loan Documents re: Cross Collateralization which will not be repeated here except as necessary to make findings.

Debtor is the sole owner of a California limited liability company known as La Ventana Partners 77, LLC ("La Ventana"). The Bank is the holder of a number of promissory notes executed by Debtor as well as a note executed by La Ventana (the "La Ventana Note"). As used herein, the term "Notes" refers to all of the promissory notes collectively, including the La Ventana Note. The Bank is also the holder of an Unconditional and Continuing Guaranty executed by Debtor which guarantees repayment of the La Ventana Note (the "Guaranty").

Each of the Notes was executed in connection with a written loan agreement. Schedule 1 to each loan agreement provides in relevant part:

> "**G. Cross-Default/Cross-Collateral:**
>
> Borrower understands that the Loan is cross-defaulted with the other loans from Lender to Borrower or its affiliates (collectively, the ***"Related Loans"***), such that a default under any one of the Related Loans constitutes a default under the Loan. Additionally, all of the Related Loans are cross-collateralized, such that following an event of default under any of the Related Loans, Lender, in its discretion, may exercise its rights and remedies against any and all of the collateral securing any of the Related Loans ...." (emphasis in original)

In addition to the Notes, the Bank is the holder of a number of deeds of trust executed in favor of the Bank by Debtor. All of the deeds of trust contain identical language defining the obligations secured thereby. Paragraph 1.2 of each of the deeds of trust states:

> "Borrower makes the grant, conveyance, transfer and assignment set forth in Section 1.1, and grants the security interest set forth in Section 2.1 for the purpose of securing the following obligations (the ***"Secured Obligations"***) in any order of priority that Lender may choose:" (emphasis in original)

Paragraph 1.2 contains six subparagraphs, three of which are at issue in this case, 1.2.2, 1.2.3, and 1.24, which state as follows:

> "**1.2.2. Loan Documents.** Payment and/or performance of each and every other obligation of Borrower under the Note, this Deed of Trust, any construction or

>land loan agreement executed in conjunction therewith (the **"Loan Agreement"**), all other documents evidencing, securing, or otherwise governing the Loan (specifically excluding, however, for purposes of establishing the Secured Obligations, any obligations of Borrower arising solely under any guaranty of the Secured Obligations or any indemnity agreement that by its terms is not secured hereby), and any and all amendments, modifications, and supplements thereto (collectively, the **"Loan Documents"**), the provisions of which are incorporated herein by this reference;  (emphasis in original)
>
>**1.2.3.   Related Loan Documents.**  Payment and/or performance of each covenant and obligation on the part of Borrower or its affiliates to be performed pursuant to any and all loan documents (the **"Related Loan Documents"**) that have been or may be executed by Borrower or its affiliates evidencing or securing one or more present or future loans by Lender or its affiliates to Borrower or its affiliates (collectively, the **"Related Loans"**), whether now existing or made in the future, together with any and all modifications, extensions and renewals thereof; provided, however, that nothing contained herein shall be construed as imposing an obligation upon Lender, or as evidencing Lender's intention, to make any Related Loan to Borrower or its affiliates;  (emphasis in original)
>
>**1.2.4.   Future Obligations.**  Payment to Lender of all future advances, indebtedness and further sums and/or performance of such further obligations as Borrower or the then record owner of the Project or the then owner of the balance of the Collateral may undertake to pay and/or perform (whether as principal, surety, or guarantor) for the benefit of Lender, its successors or assigns, (it being contemplated by Borrower and Lender that Borrower may hereafter become indebted to Lender in such further sum or sums), when such borrowing and/or obligations are evidenced by a written instrument reciting that it or they are secured by this Deed of Trust;"

Each deed of trust contains language defining the obligations secured by that deed of trust.  The Notes, deeds of trust, loan documents, and the Guaranty were executed by Debtor between April 4, 2005, and July 9, 2007.

APPLICABLE LEGAL STANDARDS

In construing a contract the court may not read a particular provision in a vacuum.  Rather, it must consider "the contract as a whole with emphasis on the provision or provisions in question."  <u>Eagle Industries, Inc. v. Thompson</u>, 321 Or. 398, 405 (1995).  <u>See</u> also <u>New Zealand Ins. Co. v. Griffith Rubber Mills</u>, 270 Or. 71, 75 (1974)  ("It is a fundamental rule in the construction of contracts that it is the duty of a court to construe a contract as a whole employing any reasonable method of interpretation so that no part of it is ignored and effect can be given to

every word and phrase") (citations omitted).  See also, Hoffman Constr. Co. v. Fred S. James & Co., 313 Or. 464, 472 (1991) ("an insurance policy is to be reasonably interpreted 'so that no part of its is ignored and effect can be given to every word and phrase.'")  (citing New Zealand).

Further, "[i]n the construction of an instrument the intention of the parties is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former.  So a particular intent shall control a general one that is inconsistent with it." ORS 42.240.

Finally, to the extent that there is any ambiguity in a document it must be construed against the drafter of the document.  State v. Watters, 211 Or. App. 628, 641 (Or. App. 2007).

LEGAL ANALYSIS

The Bank contends that <u>all</u> of the debt owed under <u>all</u> of the Notes is cross-collateralized by <u>all</u> of the deeds of trust, regardless of whether the Notes were executed before, after, or in conjunction with a particular deed of trust.  The Bank relies on subparagraph 1.2.3 to support this contention.

Debtor agrees that La Ventana is an "affiliate" and, therefore, its debt is a Related Loan as that term is defined in subparagraph 1.2.3.  Debtor concedes that the language of subparagraph 1.2.3, read alone, supports the Bank's position.  It contends however, that paragraph 1.2, when read in its entirety, does not support that position.  Specifically, it argues that subparagraph 1.2.3 is a general provision which is limited or modified with respect to guaranteed debt and future obligations by the more specific provisions of subparagraphs 1.2.2 and 1.2.4.

Guaranteed Debt Under Subparagraph 1.2.2

Debtor contends that the La Ventana Note is exempted from the definition of the term Secured Obligations by the provisions of subparagraph 1.2.2.  The Guaranty of the La Ventana Note is not a Secured Obligation because the parenthetical language of subparagraph 1.2.2, exempts guaranty liability from the definition of Secured Obligations.  I agree.  The parenthetical language clearly states that the term Secured Obligations does not include "any obligations of Borrower arising solely under any guaranty of the Secured Obligations . . ."  Accordingly, the Guaranty executed by the Debtor is not a Secured Obligation.

However, the Bank does not base its claim that the La Ventana Note is secured by the deeds of trust on Debtor's Guaranty of that note.  Rather, it argues that the La Ventana Note evidences a debt made to an affiliate of the Debtor.  Such a debt is included in the definition of Secured Obligations under subparagraph 1.2.3.  Here, I concur with the Bank.  Accordingly, the

Sanford R. Landress
Mary Jo Heston
October 9, 2008
Page 5

La Ventana Note is secured by antecedent and subsequent deeds of trust to the same extent that direct obligations of the Debtor are secured by those deeds of trust.

Future Obligations Under Subparagraph 1.2.4

According to the Debtor, under subparagraph 1.2.4, future obligations are Secured Obligations only if they are "evidenced by a written instrument reciting that it or they are secured by this Deed of Trust." None of the Notes or loan documents held by the Bank so state. Ergo, Debtor argues, none of the future advances made by the Bank, whether to Debtor or to an affiliate of the Debtor, constitute a Secured Obligation.

The Bank disagrees, raising several arguments. First, the Bank contends that as used in subparagraph 1.2.4., future advances refers only to advances made pursuant to the note executed in connection with that particular deed of trust. Alternatively, it argues that the language of the loan documents, which states that all debt owed by the Debtor or its affiliates is cross-collateralized, meets the writing requirement of subparagraph 1.2.4. Finally, it argues that the writing requirement only applies to future advances made to the Debtor and, therefore, does not apply to the La Ventana Note. I disagree.

By its terms subparagraph 1.2.4 applies to "all future advances." Had the Bank intended to limit the scope of subparagraph 1.2.4 to future advances made under a specific note it could have done so by adding language to that effect in subparagraph 1.2.4. It did not. Accordingly, I find that the term future advances includes all future advances made by the Bank and is not limited to advances made pursuant to any particular note or loan document.

Nor am I persuaded that the cross-collateralization language in the loan documents meets the writing requirement of subparagraph 1.2.4. This subparagraph states that future advances will constitute Secured Obligations only if they are "evidenced by a written instrument reciting that it or they are secured by <u>this</u> Deed of Trust." (emphasis added). A general recitation that loans are cross-collateralized, without identifying any particular security agreement subject to the cross-collateralization, is not a recitation that a debt is secured by <u>this</u> Deed of Trust. None of the Notes or loan documents contained any language regarding cross-collateralization beyond that cited above. Accordingly, the future advances at issue in this case are not Secured Obligations.

I am not persuaded by the Bank's argument that provisions of subparagraph 1.2.4 applies only to future advances made to the Debtor. The specific language of subparagraph 1.2.4 provides that future advances includes debts guaranteed by the Debtor. Debtor guaranteed the La Ventana Note. Consequently, it is a future advance within the purview of subparagraph 1.2.4. However, a future advance is a Secured Obligation only if evidenced by a writing stating that it is secured by a particular deed of trust. The La Ventana Note does not state that it is secured by

any property owned by Debtor. Accordingly, the obligation evidenced by the La Ventana Note is not a Secured Obligation within the meaning of paragraph 1.2.

Antecedent Debt

The Bank contends that under subsection 1.2.3, any debt owed by the Debtor or its affiliates at the time a deed of trust was executed is secured by that deed of trust. Subsection 1.2.3 does provide that obligations that existed at the time a deed of trust is executed are included in the definition of Secured Obligations. Nothing in the language of any other subsection of section 1.2 is inconsistent with that language. Nonetheless, I find that under Oregon law none of the deeds of trust secures repayment of antecedent debt.

The pre-existing debt provision in the deeds of trust is what is commonly know as a "dragnet" clause. In In re Wollin, 249 B.R. 555 (Bankr. D. Or. 2000), Judge Radcliffe addressed the effect of similar clauses contained in consumer vehicle loan security agreements. In Wollin, the debtors borrowed money from Oregon Federal Credit Union to purchase vehicles, giving the credit union a security interest in the vehicles to secure repayment of the obligations. The security agreements contained clauses which provided that the security interests secured not only repayment of the debts incurred to purchase the vehicles, but also secured repayment of any advances previously received by the debtors from the credit union. The debtors subsequently filed bankruptcy and objected to the amounts of the credit union's secured claims, contending that the vehicles only secured repayment of the loans advanced in connection with their purchases. Id. at 557-558.

The court agreed with the debtors. It rejected the credit union's contention that the "plain meaning" of the security agreements compelled a finding that its security interests secured repayment of all debt in existence at the time the debtors executed the security agreements. In doing so the court noted that "since the antecedent debt is already owed by the borrower to the lender, the parties would have had no good reason not to identify it in the subsequent security instrument if they had truly intended that the deed of trust or mortgage to cover it." Id. at 560 (citing Lundgren v. National Bank of Alaska, 756 P.2d 270 (Alaska 1987)).

The Bank concedes that Wollin supports Debtor's argument that antecedent debt is not secured by any of the deeds of trust. It argues, however, that "[a]pplying the Wollin rules here in the business context involving obligations of similar class and where there is clear cross-collateralization language would overturn significant Oregon precedent." (Bank's Trial Br. in Resp. to Mot. to Use Cash Collateral on the Q Condominiums (The "Q") at 8. It also argues that "[u]nlike the debtor in Wollin, Matrix is not an unsophisticated consumer debtor who was duped by an unclear dragnet clause with regard to loans of different classes. Here, the intent of the parties to cross-collateralize all of the commercial loans of the same class, both antecedent and subsequent, is apparent from the parties' repeated and clear acknowledgment of that cross-collateralization in no less than *twelve* separate instruments spanning several years." Id.

The Bank cites no case law supporting its position that <u>Wollin</u> should not apply in a commercial context, nor was I able to find any. Nor am I persuaded by the Bank's argument that applying <u>Wollin</u> in a commercial context would "overturn significant Oregon precedent." The rationale of <u>Wollin</u> with respect to antecedent debt is equally applicable in a commercial context.

The <u>Wollin</u> case was decided in 2000. All of the Notes and deeds of trust held by the Bank were executed after that date. As a sophisticated lender the Bank was on notice, as of the time the documents were executed, that under Oregon law antecedent debt would only be secured by an after acquired security interest if the documents evidencing the security interest specifically identified that antecedent debt. Despite that fact, the Bank chose not to identify any specific antecedent debt in any of the deeds of trust it obtained from the Debtor. Accordingly, none of the antecedent debt is secured by any of the deeds of trust.

The Bank filed a post hearing Supplemental Memorandum re: Specific Language in Loan Documents re: Cross Collateralization to which the Debtor objected. While the court generally disfavors additional briefing without leave of the court, I will allow it in this case.

CONCLUSION

In interpreting the provisions of a contract I am required to give meaning to every word and phrase, if possible, and where general and specific provisions of a contract are inconsistent, the latter controls. Here, the general provisions of subparagraph 1.2.3 of each deed of trust provided that all past, present, and future obligations of both the Debtor and its affiliates was secured by each deed of trust. However, that general provision is governed by the more specific provision of subparagraph 1.2.4 which provides that future obligations are only Secured Obligations under a deed of trust if the obligation is evidenced by a written instrument stating that it is secured by a particular deed of trust. None of the subsequent advances made by the Bank, either to the Debtor or its affiliate, La Ventana, met that requirement. Accordingly, none of the future advances are secured by any of the pre-existing deeds of trust.

Under Oregon law, a security interest only extends to antecedent debt if the antecedent debt is specifically described in the instrument granting the security interest. None of the deeds of trust executed by the Debtor or its affiliate in favor of the Bank specifically describe any pre-existing debt that is to be secured by that deed of trust. Thus, none of the antecedent debt owed by the Debtor or its affiliate is secured by any subsequently executed deed of trust.

David A. Foraker
Sanford R. Landress
Mary Jo Heston
October 9, 2008
Page 8

      Debtor's counsel should submit an order consistent with these rulings within 10 days.

                              Very truly yours,

                              Trish M. Brown
                              Bankruptcy Judge

cc:    Gary U. Scharff